IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN SIDMAN AND ASHLEY SIDMAN, § § | | |
| Petitioners, § | Civil Action No. _____ | |
| § | | |
| V. § | | |
| § | | |
| UNITED STATES, § | | |
| § | | |
| Respondent. § | | |

## ORIGINAL PETITION TO QUASH THIRD-PARTY SUMMONS

Brian Sidman and Ashley Sidman ("Petitioners") petition the Court pursuant to 26 U.S.C. § 7609(b)(2) to quash the third-party summons that the Internal Revenue Service ("IRS") issued to Centennial Bank ("Centennial"), and would respectfully show the Court as follows:

## JURISDICTION, VENUE, AND PARTIES

1. This Court has subject-matter jurisdiction over this Petition pursuant to 26 U.S.C. § 7609(h)(1) and 28 U.S.C. §§ 1331 and 1340. In relevant part, 26 U.S.C. § 7609(h)(1) provides that "[t]he United States district court for the district within which the person to be summonsed resides or is found shall have jurisdiction to hear and determine any proceeding brought under [26 U.S.C. § 7609(b)(2)]."

2. Venue lies within this district under 26 U.S.C. § 7609(h)(1).

3. Home BancShares, Inc., operating as Centennial Bank, is an American bank holding company. Centennial maintains an office at 2323 Ross Avenue, Dallas, Texas 75201. Therefore, Centennial has a presence and office at which it resides or may be found in this District and Division.

4. Respondent is an agency of the U.S. government with a presence throughout the United States.

5. Petitioners are individual residents of the State of Florida who reside in Miami-Dade County, Florida.

6. A copy of this Petition will be properly and timely served on the following parties: (i) Internal Revenue Service, Attn: Mark B. Warnsman, 5100 River Road, Mail Stop 610, Schiller Park, IL 60176; (ii) United States Attorney for the Northern District of Texas, Dallas Division, 1100 Commerce Street, Dallas, Texas 75242; (iii) Office of the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C., 20530; (iv) Centennial Bank, Subpoena Department, 1000 Prairie Street, Conway, AR, 72032; and (v) Centennial Bank, 2323 Ross Avenue, Dallas, Texas 75201.

## FACTS

7. In December 2023, the IRS initiated an examination of Petitioners' 2021- and 2022- income tax years.

8. Pursuant to the examination, the IRS via Revenue Agent Michael Plumley, issued multiple Information Document Requests ("IDRs") to Petitioners, as is typical of the audit process and as directed by the Internal Revenue Manual[1].

9. Subsequent to IDRs 16, 17, 18, and 19, (which were dated January 26, 2024) each set of which Petitioners diligently responded to, Revenue Agent Mark Warnsman joined in the examination of Petitioners as team coordinator.

---

[1] *See* IRM 4.46.4, LB&I Examination Process, Executing the Examination.

**Original Petition to Quash – Centennial Bank**

4934-7621-0715.1

10. From his initial contact with Petitioners and counsel for Petitioners, Mr. Warnsman has relied on service of summonses of the Petitioners, as well as third parties, as a means of inquiry and information gathering, in contrast to the practices of Mr. Plumley as well as the Internal Revenue Manual.

11. As of the filing of this suit, the IRS by and through Mr. Warnsman has now noticed and served a total of nine third-party summonses with regards to the Petitioners, all of which are summarily duplicative of the 19 previous IDRs, tantamount to harassment, and without any true additional basis purpose, or need for such inquiries. *See* **Exhibit A**.

12. Specifically the IRS sent, by certified mail on January 29, 2025, a third-party summons to Centennial seeking to compel information and the production of documents relating to Petitioners' 2021-2022 income tax years. A copy of the Summons is attached as **Exhibit B**.

## COUNT I

## QUASH OF SUMMONS

13. The foregoing facts are incorporated herein, as if restated in full.

14. The IRS issued the Summons in violation of *United States v. Powell*, 379 U.S. 48 (1964).

15. Under *Powell*, the government must establish the following four conjunctive elements to enforce a summons: (i) the summons was issued for a proper purpose; (ii) the inquiry is relevant to that proper purpose; (iii) the information sought is not already in the government's possession; and (iv) the IRS followed the administrative steps required by law in issuing the summons. *See Powell*, 379 U.S. at 57-58.

16. When the Summons was issued on January 29, 2025, all responsive, relevant statements and Centennial documents had previously been produced by the Petitioners directly to the IRS by virtue of IDR requests and response(s) received.

**Original Petition to Quash – Centennial Bank**

4934-7621-0715.1

17. Under *Powell*, the IRS's summons fails at least three of the required four factors: the summons was not issued for a proper purpose and does not serve any proper purpose but is merely harassment. Also, as the information sought was already in the government's possession the inquiry was irrelevant to make again and was, instead, a duplicative request with no proper purposes at the time of issuance.

18. The Court should therefore enter an order to quash the Summons.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners ask the Court to grant its Petition to quash the Summons; award costs and attorneys' fees to Petitioners to the extent allowed by law; and award such other and further relief to Petitioners as warranted.

*Respectfully submitted,*

By : */s/ Joshua Smeltzer*
JOSHUA D. SMELTZER
(Attorney in Charge)
Texas State Bar No. 24133857
1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135 Telephone
(214) 953-1332 – Facsimile
Email: jsmeltzer@grayreed.com

GRAY REED LLP

**ATTORNEYS FOR PETITIONERS**

**Original Petition to Quash – Centennial Bank**

4934-7621-0715.1